IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY W. ARMSTRONG, | No. CIV S-09-0062-FCD-CMK |
| Plaintiff, | |
| vs. | ORDER |
| REDDING PAROLE DEPARTMENT, et al., | |
| Defendants. | |
| _____/ | |

  Plaintiff, proceeding in pro per, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are two motions for default judgment (Docs. 22, 24). Plaintiff previously requested a default judgment be entered against the defendants for failure to file a timely answer to the complaint, which was denied in an order filed September 1, 2009.

  As previously explained, a defendant is not in "default" unless he "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. Proc. 55(a). A party generally has 20 after being served with the summons and complaint to file a responsive pleading. See Fed. R. Civ. Proc. 12(a). However, if the party has timely waived service under Rule 4(d), a responsive pleading is timely if filed within 60 days after the request for a waiver was sent. See id.

1  Plaintiff has been granted leave to proceed in this action in forma pauperis. He
2 therefore was allowed, by court order, to have the United States Marshal serve the defendants
3 without pre-payment of costs. Pursuant to court order, the U.S. Marshal sent the waiver of
4 service of summons to the defendants on July 28, 2009. See Fed. R. Civ. Proc. 4(c). The
5 waivers of service were returned to the court executed on August 19, 2009, indicating successful
6 service. Accordingly, the defendants had 60 days from July 28, 2009, to file a responsive
7 pleading to the complaint. See Fed. R. Civ. Proc. 4, 12.

8  Plaintiff's two pending motions were signed and filed prior to the date the
9 defendants were required to file a responsive pleading. Therefore his requests were filed
10 prematurely, and will be denied. In addition, the court notes the defendants have now properly
11 responded to the complaint by way of a motion to dismiss.[1] Therefore, entry of default, and
12 default judgment, is no longer appropriate.

13  Accordingly, IT IS HEREBY ORDERED that Plaintiff's requests for default
14 judgment (Docs. 22, 24) are denied.

DATED: October 13, 2009

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

---

[1] The court acknowledges that the defendants were four days late in filing their responsive pleading. However, their response was on file prior to the entry of default, and they filed a motion for an extension of time, nunc pro tunc, which is addressed by separate order.