**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JERRY W. ARMSTRONG, | | No. CIV S-09-0062-FCD-CMK |
| Plaintiff, | | |
| vs. | | FINDINGS AND RECOMMENDATION |
| REDDING PAROLE DEPT., et al., | | |
| Defendants. | | |
| _____/ | | |

   Plaintiff, proceeding in pro per, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is Defendants' motion to dismiss (Docs. 26, 28).  A hearing on this motion was held on December 3, 2009, before the undersigned.  Defendants' attorney William Brodbeck, appeared telephonically.  Plaintiff appeared in person.

**I. BACKGROUND**

   Plaintiff, a state parolee, brings this action against his parole officers.  Plaintiff's complaint clearly states he is bringing this action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint is very hard to read and understand.  However, on screening, the court construed it liberally and in the best possible light to Plaintiff, and found it was possible that he set forth sufficient facts to state a claim.  Specifically, the court stated:

> Plaintiff's complaint identifies the following defendants:  the Redding Parole Department, Al Berdon, Kevin McClure, and Mitch Crowfoot.  He alleges he is being mistreated by parole agents who are adding terms of conditions to his parole which were not ordered by the court, is being held without court authority, and

> is being denied due process. He also alleges false imprisonment, fraud, and conspiracy with the intent to keep him on parole past his time. He claims his rights under the Fourth, Fifth, and Fourteenth Amendments have been violated by the actions of the defendants.

(Order, Doc. 11, at 2).

## II.   MOTION TO DISMISS

### A.   Basic Standard

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at

1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

**B.   Motion**

Defendants bring this motion to dismiss claiming that Plaintiff's sole remedy is a petition for writ of habeas corpus. Defendants construe Plaintiff's claims as a challenge to his parole status, a challenge to the parole system itself, or a challenge to the conditions of his parole. They argue that if Plaintiff is challenging his parole status or the terms of his parole, his only option to do so is through habeas proceedings. In addition, his request for monetary relief is barred by Heck v. Humphrey, 512 U.S. 477, 483-84 (1994). To the extent Plaintiff is challenging the parole system itself, and claiming it violates his Fourteenth Amendment rights, he fails to state a claim. Defendants also argue that Plaintiff has not alleged sufficient facts to

1  determine if he is claiming the conditions of his parole violate his rights.  Finally, they argue the
2  Redding Parole Unit should be dismissed as it is not a 'person' under § 1983.

   **C.     Opposition**

4          Plaintiff did not file a formal opposition to the motion.  He did file an opposition
5  to a motion for an extension of time, and included therein was an opposition to dismissal.  His
6  opposition to dismissal is limited to an opposition to the suggestion that his claims are better
7  addressed in a habeas petition.  He claims that because he is no longer in custody, a habeas
8  petition is not available to him.

9          Plaintiff also filed a request for leave to file exhibits.  To the extent that filing is in
10 opposition to the motion to dismiss, there does not appear to be anything contained therein to
11 support an opposition argument.

   **D.     Discussion**

13         When a state prisoner challenges the legality of his custody and the relief he seeks
14 is a determination that he is entitled to an earlier or immediate release, such a challenge is not
15 cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ
16 of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda,
17 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.
18 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief
19 alleges constitutional violations which would necessarily imply the invalidity of the prisoner's
20 underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is
21 not cognizable under § 1983 unless the conviction or sentence has first been invalidated on
22 appeal, by habeas petition, or through some similar proceeding.  See Edwards v. Balisok, 520
23 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural
24 defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary
25 sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not
26 cognizable because allegations were akin to malicious prosecution action which includes as an

element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination).

If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition.  See  Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble, 49 F.3d at 586.  Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

However, where a prisoner is challenging procedures, they are allowed to seek an injunction or other ancillary relief, enjoining the prospective enforcement of invalid prison regulations.  See Wilkinson v. Dotson, 544 U.S. 74, 79-80 (2005).  This is true where in a case where if the prisoner were to prevail, it would not mean immediate release of the prisoner, or a shorter period of incarceration.  See id.  "Wolff makes clear that § 1983 remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner" Id. at 81 (citing Wolff v. McDonnell, 418 U.S. 539 (1974) (emphasis in original)).  Therefore, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

At the hearing for this motion, Plaintiff was provided an opportunity to clarify his claims.  Plaintiff was unable to articulate exactly what his claims are, but did affirm that his intention in bringing this action was to terminate his parole.  Plaintiff indicated that, apparently due to parole violations, the length of his total sentence had been increased somehow from the

twelve years he was sentenced to, into a fourteen year term.  He has also been reclassified from a non-violent offender to a violent offender.  Plaintiff believes that the Redding Parole Unit, and/or the individual parole officers, are responsible for the changes to the terms of his parole.

Based on the discussion with Plaintiff at the hearing, it is apparent to the undersigned that he is in fact challenging the terms of his parole, and if he were to prevail, he would request the termination of his parole.  While he believes the parole officers are responsible for the changes to his parole terms, and therefore brings this suit against them, what he is complaining about are, in fact, the terms and restrictions upon his liberties, and is seeking a termination of those restrictions.  Such claims sound in habeas.

Plaintiff opposes dismissal of this action, at least in part, because he believes as a parolee he does not have the ability to file a petition for writ of habeas corpus.  However, parolees are considered "in custody" for purposes of habeas actions.  See Jones v. Cunningham, 371 U.S. 236, 238 (1963); see also Cordell v. Tilton, 515 F. Supp. 2d 1114, 1131-33 (S.D. Cal. 2007) (finding challenges to conditions of parole are better addressed by means of a habeas petition).  Therefore, this action should be dismissed without prejudice to Plaintiff's ability to raise his challenges to his parole through a petition for writ of habeas corpus.

In addition, Defendants move specifically that the Redding Parole Unit should be dismissed as a party to the action as it is not a person as contemplated by § 1983.  The undersigned agrees.  Section 1983 applies only to "persons," and neither a state nor "arms of the State" are "persons" within the meaning of § 1983.  See Hale v. Arizona, 993 F.2d 1387, 1398 (9th Cir. 1993) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66 (1989)).  In addition, it would appear that such an action against the Redding Parole Unit would be barred by the Eleventh Amendment.  The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't

1  of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th

2  Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state

3  agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782

4  (1978) (per curiam); Hale, 993 F.2d at 1398-99.  It is unclear from the filings before the court,

5  but it is reasonable to presume the Redding Parole Unit is a state agency, either independently or

6  as part of California Department of Corrections and Rehabilitations.  Accordingly, the Redding

7  Parole Unit should be dismissed as a party to this action.

8        Finally, when dismissing an action for failure to state a claim, the court must

9  decide whether to grant leave to amend.  Because it does not appear possible that the deficiencies

10 identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to

11 amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131

12 (9th Cir. 2000) (en banc).

### III.   CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motion to dismiss (Docs. 26, 28) be granted, without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 18, 2009

                                                 /s/ Craig M. Kellison
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE